```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA           :    SUPERSEDING
                                   :    INFORMATION
          -v-                      :
                                   :    S6 10 Cr. 336 (LAK)
CHAD ELIE,                         :
                                   :
          Defendant.               :
- - - - - - - - - - - - - - - - - -x
```

DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-26-12

The United States Attorney charges:

Background

1.   From at least in or about 2006, up through and including on or about April 14, 2011, the three leading internet poker companies doing business in the United States were PokerStars, Full Tilt Poker and Absolute Poker/Ultimate Bet (collectively, the "Poker Companies"). Because United States banks were largely unwilling to process payments for an illegal activity such as internet gambling, the three Poker Companies used fraudulent methods to avoid these restrictions and to receive billions of dollars from United States residents who gambled through the Poker Companies. To accomplish this deceit, the Poker Companies relied on third party payment processors who lied to United States banks about the nature of the poker transactions they were processing and covered up those lies through the creation of phony corporations and websites to disguise payments to the Poker Companies.

2.   From in or about May 2008 up through and including on or about April 14, 2011, CHAD ELIE, the defendant,

served as a payment processor for, at various times, each of the three Poker Companies. In 2008, ELIE assisted Australian poker processor Intabill in disguising poker payment transactions for the Poker Companies, including by establishing a bank account that ELIE represented would be used to process payments for "payday loans" but that, in truth and in fact, was used to process transactions for Pokerstars. In or around the summer of 2009, ELIE established a bank account at Fifth Third bank that ELIE claimed would be used to process payments for various internet membership clubs, but that, in truth and in fact, ELIE used to process millions of dollars in payments for the Poker Companies. Beginning in or around the fall of 2009, and continuing into early 2011, ELIE offered to invest millions of dollars in three failing banks, including Sunfirst Bank, all of which have since been ordered closed by bank regulators, in return for processing internet poker transactions.

## Statutory Allegations

3. From in or about May 2008 up through and including on or about April 14, 2011, in the Southern District of New York and elsewhere, CHAD ELIE, the defendant, together with others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, in violation of Sections 1344 and 1955 of Title 18 of the United States Code, to

wit, processing financial transactions for internet poker and lying to banks to induce them to process these transactions.

   4. It was a part and an object of the conspiracy that CHAD ELIE, the defendant, and others known and unknown, willfully and knowingly would and did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain monies, funds, credits, assets, securities, and other property owned by and under the custody and control of that financial institution by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

   5. It was a further part and an object of the conspiracy that CHAD ELIE, the defendant, and others known and unknown, knowingly would and did conduct, finance, manage, supervise, direct, and own all and part of illegal gambling businesses, namely businesses that engaged in and facilitated online poker, in violation of New York State Penal Law Sections 225.00 and 225.05 and the laws of other states, and which businesses involved five and more persons who conducted, financed, managed, supervised, directed, and owned all and part of such businesses, and which businesses had been and had remained in substantially continuous operation for a period in excess of thirty days and had gross revenues of $2,000 in a

single day, in violation of Title 18, United States Code, Section 1955.

OVERT ACTS

6.  In furtherance of the conspiracy and to effect the illegal objects thereof, CHAD ELIE, the defendant, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a.  On or about January 20, 2009, PokerStars, Full Tilt Poker, and Absolute Poker each received an electronic transfer of funds from a customer located in the Southern District of New York.

b.  On or about July 27, 2009, CHAD ELIE, the defendant, processed an electronic check for Full Tilt Poker from the bank account of a customer in New York, New York through a payment processing account ELIE had established at Fifth Third Bank.

c.  On or about September 22, 2009, ELIE sent an e-mail to a Fifth Third Bank employee falsely denying that the account had been used for internet gambling.

(Title 18, United States Code, Section 371.)

## FORFEITURE ALLEGATION

7. As a result of committing the offense alleged in Count One of this Information, CHAD ELIE, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(2)(A), all property constituting or derived from proceeds obtained directly and indirectly as a result of the offense alleged in Count One, including but not limited to $500,000 in United States currency.

### Substitute Asset Provision

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above

forfeitable property.

(Title 18, United States Code, Sections 981 and 982; Title 21, United States Code, Section 853; Title 28, United States Code, Section 2461.)

_____
PREET BHARARA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

CHAD ELIE,

Defendant.

INFORMATION

S6 10 Cr. 336 (LAK)

(18 U.S.C. Section 371)

PREET BHARARA
United States Attorney.

3/26/12

Defendant Chad Elie present with attorneys Barry Berke w/ Dani R. James. AUSAs Arlo Devlin-Brown & Andrew Goldstein. Court Reporter Toni Stanley present. Waiver of indictment & (S6) information filed in open court. Defendant Elie entered a plea of guilty as charged to the (S6) information. PSI was ordered. Sentencing was scheduled for 10/3/12 at 4:00pm. Defendant remained released on bail. Hearing duration was 45 minutes.

Kaplan, J